# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARIO WILLIS,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2015

No. 320659
Wayne Circuit Court
LC No. 09-028750-FC

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

METER, J. (*dissenting*).

I respectfully disagree with the majority's conclusions regarding the reasons for and the extent of the departure from the sentencing guidelines. I would affirm.

Initially, I note that the trial court made clear that it was familiar with this Court's prior opinion, the facts of the case, and the parties' sentencing memoranda. During the extensive resentencing hearing, the court took testimony from a battalion chief in the Detroit Fire Department regarding the circumstances of the fire scene, and it had an abundance of testimony from the trial on which to rely, including testimony from defendant's accomplice Darian Dove, whom defendant procured to set not only this fire, but a fire over a year earlier involving the same house.

The majority unnecessarily revisits the reasons for the sentencing departure, despite this Court's earlier opinion that *upheld* the trial court's bases for departure. See *People v Willis*, unpublished opinion per curiam of the Court of Appeals, issued November 1, 2012 (Docket No. 298643), pp 18-20. This Court, in the earlier opinion, remanded solely for a justification of the *extent* of the departure in conjunction with the principle of proportionality. *Id*. at 20.[1] The trial court indicated that it understood this Court's directive when it specifically stated that it had been

---

[1] The prior panel remanded for "resentencing," but the panel upheld the reasons for departure and subsequently stated that "the trial court did not attempt to justify the extent of its departure independent of its reasons for the departure . . . ." *Willis*, unpub op at 20. The panel made clear that resentencing was necessary only "because the trial court did not justify the extent of its departure . . . ." *Id*.

-1-

"directed [to] . . . treat this defendant in a proportional manner as any other similarly situated defendant would be treated."[2]

The trial court articulated two discrete bases for the extent of its departure: this fire's unique relationship to the first fire at the same premises and the foreseeability of harm.[3] These bases were adequate. That defendant would twice set fire to the same home demonstrates the extreme depravity of defendant's actions. Further, that a firefighter would be harmed was highly foreseeable,[4] and defendant was willing to take this risk for a second time. The trial court sentenced defendant to a minimum term of 500 months, exceeding the guidelines by 125 months.[5] The facts of this case were exceedingly unique and egregious, and in my opinion, the trial court adequately followed this Court's earlier directive to justify the extent of the departure. In addition, I have reviewed the remainder of defendant's claims and I find no basis for resentencing.[6]

---

[2] I disagree that the trial court's observation that "unicity . . . trumps . . . proportionality" means that the court disregarded proportionality as a principle. While the trial court's wording was inartful, I believe this remark, read in context, was made merely to emphasize the unique and critical nature of the relationship between the two fires. Indeed, the trial court identified proportionality as the standard and stated, "I think there is no case in Michigan [where] the defendant twice burned the same house or twice had the same house burned." In essence, the court was attempting to articulate that it could not think of a similar situation it could use to compare to the instant case. This does not mean, however, that the court disregarded proportionality as a general principle; the court was simply acknowledging the uniqueness of the present case.

[3] I do not agree that the trial court's statement regarding the duty of society to protect first responders was a discrete reason for the sentence. While I agree that this statement did not convey a proper basis for departure, I find that this statement in the court's remarks was related to the foreseeability issue and was merely a segue to the trial court's expressed duty to sentence; after making the remark, the court immediately pronounced sentence. Significantly, I note that the trial court prefaced its sentencing remarks by expressly stating that it would be focusing on *two* issues, and it proceeded to do so by talking about the uniqueness of the case and about the foreseeability of harm.

[4] When the building collapsed, twelve firefighters were inside the structure and two were on the roof.

[5] I note, also, that defendant's offense variable (OV) total of 145 points substantially exceeded the "ceiling" of 100 points for OV Level III. See MCL 777.61.

[6] Because this case involved an upward departure from the sentencing guidelines, a remand is not required under the recent case of *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015) (Docket No. 149073); slip op at 32 n 31.

I would affirm.

/s/ Patrick M. Meter